# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

(Pro Se)

|  |  |
|---|---|
| NIKOLA AND MARLENE GULAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 18-1917C |
| v. ) | (Filed: June 28, 2019) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Nikola* and *Marlene Gulan*, Frederick, MD, pro se.

*Daniel K. Greene*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Elizabeth M. Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**Kaplan, Judge.**

On December 10, 2018, pro se Plaintiffs Nikola and Marlene Gulan filed a complaint in this court, which they styled as a qui tam action. Docket No. 1. The government has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Docket No. 14. It argues that the Gulans have failed to establish subject-matter jurisdiction, and that even if the Court were to determine that it had jurisdiction, Plaintiffs have failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss at 1–3.[1]

For the reasons discussed below, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and the case will be dismissed without prejudice.

---

[1] On June 6, 2019, in their response to the government's motion to dismiss, Plaintiffs included a section titled, "Plaintiff's Motion to Strike Defendant's Entire Motion to Dismiss." Pls.' Resp. at 9. To the extent that Plaintiffs intend to file a motion to strike under RCFC 12(f), the motion is misplaced. See Fisherman's Harvest, Inc. v. United States, 74 Fed. Cl. 681, 690 (2006) (explaining that a "a motion to strike may not be used to strike another motion") (quoting Phinney v. Paulshock, 181 F.R.D. 185, 207 (D.N.H. 1998)). Accordingly, Plaintiffs' motion to strike is **DENIED**.

## DISCUSSION

Although their complaint is difficult to follow, it appears that the Gulans are challenging a September 2018 foreclosure action that was handled in Maryland state court and later removed to the United States District Court for the District of Maryland. See Pls.' Resp. at 6, Docket No. 15. The Gulans appear to be arguing that the lenders involved in the foreclosure engaged in unlawful debt collection, and that they are therefore entitled to a portion of the funds the lenders obtained. Id. at 6–7. The complaint, employing multiple legal theories, alleges claims under several statutes including the Racketeering Influenced and Controlled Organization Act ("RICO") and the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). See id. at 3–4; Compl. at 2, 7–8.

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, pro se plaintiffs are nonetheless required to establish that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Plaintiffs have failed to do so for at least two reasons.

First, Plaintiffs fail to identify a money-mandating source of law as required to establish jurisdiction in this court. Under the Tucker Act, the United States Court of Federal Claims is authorized to "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). While it provides a jurisdictional grant, the statute does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Plaintiffs are therefore required to establish that "a separate source of substantive law . . . creates the right to money damages," when filing a suit in this court. Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v U.S., 521 F.3d, 1338, 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

Plaintiffs cite several statutes in their complaint. See, e.g., Compl. at 2, 7–8; Pls.' Resp. at 3–4 (invoking RICO and FIRREA). However, claims under the statutes cited are not within this Court's Tucker Act jurisdiction. See Garrett v. United States, 78 Fed. Cl. 668, 671 (2007) (holding that the Court of Federal Claims does not have jurisdiction over RICO claims); LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("The Court of Federal Claims has no authority because . . . qui tam suits may only be heard in the district courts.") (citing 31 U.S.C. § 3732(a)).

The complaint also cites 28 U.S.C. § 1500 as a basis for this Court's jurisdiction. But that provision does not grant jurisdiction to the Court of Federal Claims; instead it precludes this court from exercising its Tucker Act jurisdiction when the plaintiff has a pending suit against the United States in any other court raising certain types of related claims. See Compl. at 1 (listing "1500 – Pendency of Claims in Other Courts, FDC Maryland Baltimore 2018-cv-3253-TDC, Certified Court Record Attached, Filing Fee Paid").

Plaintiffs' attempt to establish jurisdiction "under The Fourteenth Amendment of the United States Constitution diversity of citizenship clause," see Pls.' Resp. at 2, similarly lacks merit. See Stroughter v. United States, 89 Fed. Cl. 755, 762 (2009) (recognizing that diversity is not a basis for the exercise of jurisdiction by the Court of Federal Claims); LeBlanc, 50 F.3d at 1028 (holding that the Due Process Clause of the Fourteenth Amendment is not money-mandating). Moreover, to the extent Plaintiffs assert a claim of intentional infliction of emotional distress, the Court lacks jurisdiction over tort claims. See Pls.' Resp. at 9; McKenzie v. United States, 524 F. App'x 636, 637 (Fed. Cir. 2013) (noting that the Tucker Act jurisdiction extends only to "cases not sounding in tort"); 28 U.S.C. § 1491(a).

Second, the Court lacks jurisdiction over the claims in the complaint because they do not appear to involve actions by the United States or its agents. See Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009) (explaining that "[w]hen a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this Court has no jurisdiction to hear those allegations") (quoting Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007)). The United States is referenced only once in the complaint's caption, and there are no other mentions of any federal government action in the document. Compl. at 2.

Indeed, Plaintiffs admit that "in fact this case is not against the United States," but nonetheless urge the Court to enforce prior federal consent judgments or remand to the United State District Court for the District of Maryland. See Pls.' Resp. at 9. However, this Court lacks the jurisdiction to review decisions of state courts, federal bankruptcy courts, and federal district courts. Jones v. United States, 440 F. App'x. 916, 918 (Fed. Cir. 2011) (stating that the Court of Federal Claims does not have jurisdiction to review state court decisions); Allustiarte v. United States, 256 F.3d 1349, 1350 (Fed. Cir. 2001) ("[T]he Court of Federal Claims does not have jurisdiction to review decisions of federal bankruptcy courts."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts.").

In short, the Court lacks subject-matter jurisdiction over the Gulans' complaint because: (1) they fail to identify a separate source of substantive law providing for money damages for the claims alleged; and (2) their allegations concern actions taken by nonfederal actors.

## CONCLUSION

Based on the foregoing, the government's motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED** and Plaintiffs' complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. The parties shall bear their own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

3